**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

ADRIAN JUAN LLOYD,

Plaintiff,

v.

M. HOWARD,

Defendant.

Case No.: 1:24-cv-01086 JLT CDB (PC)

ORDER RE LIMITED REMAND; DENYING REQUEST FOR EXTENSION OF TIME TO FILE A NOTICE OF APPEAL

(Docs. 37, 42)

## I. INTRODUCTION

Adrian Juan Lloyd, proceeding pro se and *in forma pauperis* in this now closed civil rights action pursuant to 42 U.S.C. § 1983, seeks an extension of time to file a notice of appeal. (Doc. 37.) On October 21, 2026, the assigned magistrate judge entered an order denying the motion. (Doc. 38.) Plaintiff nonetheless noticed an appeal (Doc. 39), which was processed to the Ninth Circuit. (Doc. 40.) On November 20, 2026, the Ninth Circuit remanded the matter to this Court, indicating that because not all parties had consented to the magistrate judge, the district court must address the dispositive request for an extension of time. (Doc. 42.)

## II. THE MAGISTRATE JUDGE'S REASONING

In denying the requested extension, the magistrate judge reasoned as follows:

> On September 16, 2026, the Court issued its Order Adopting Findings and Recommendations to Grant Defendant's Motion for Summary Judgment, directing the Clerk of Court to enter judgment

> in favor of Defendant and against Plaintiff and to close the case. (Doc. 34.) Judgment was entered that same date. (Doc. 35.)[¶] On October 16, 2026, Plaintiff filed a document titled "Request for Time Extension/Notice of Appeal." (Doc. 37.)
>
> Plaintiff's filing states in its entirety:
>
> > Most high greetings in Jah name of Eliah. Selah.
> >
> > Plaintiff humbly requests an extension of time in preparing a notice of appeal in the above cited case.
> >
> > I declare under penalty of perjury that the foregoing is true and correct.
> >
> > [Signed and dated October 12, 2026]
>
> (Doc. 37 at 1.)
>
> A notice of appeal must be filed within thirty days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). The court may extend the time to file a notice of appeal if a party moves for the extension no later than 30 days after the original 30 days expires, and the party "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). No extension under Rule 4(a)(5) may exceed 30 days after the original deadline, or 14 days after the date when the order granting the motion is entered, whichever is later. Fed. R. App. P. 4(a)(5)(C).
>
> Here, Plaintiff's request for an extension of time was filed within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). However, Plaintiff has failed to show excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). More particularly, Plaintiff's request does not explain his need for additional time to prepare a notice of appeal and offers no information to enable the Court to make any determination regarding excusable neglect or good cause. For that reason, Plaintiff's request will be denied.

(Doc. 38 (headings omitted).)

The Court agrees with this reasoning in its entirety. Plaintiff has provided no grounds for the requested extension, so it must be **DENIED**.

## III. CONCLUSION AND ORDER

Plaintiff's motion for an extension of time to file a notice of appeal (Doc. 37) is **DENIED**.

IT IS SO ORDERED.

Dated: Nov. 21, 2026

Jennifer L. Thurston
JENNIFER L. THURSTON
U. S. District Judge